**Denise Kingue BONNAIG, Esq., DBA Denise K. Bonnaig & Associates, Plaintiff–Appellee,**

v.

**Juan NUÑEZ, Defendant–Appellant.**

**No. 13–157.**

United States Court of Appeals, Second Circuit.

Dec. 5, 2013.

**56**

Denise K. Bonnaig, Esq., pro se, New York, NY, for Plaintiff–Appellee.

Jonathan E. Cohen, Law Office of Marco E. Fava, Scarsdale, NY, for Defendant–Appellant.

PRESENT: AMALYA L. KEARSE, and DENNIS JACOBS, Circuit Judges.*

### SUMMARY ORDER

Appellant, Juan Nuñez, appeals from the district court's grant of summary judgment in favor of his former attorney, Denise K. Bonnaig, in Bonnaig's *quantum meruit* action for attorneys' fees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo.* *See Gonzalez v. City of Schenectady,* 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* In determining whether there are genuine disputes of material fact, this Court is "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (quoting *Stern v. Trs. of Columbia Univ. in City of New York,* 131 F.3d 305, 312 (2d Cir. 1997)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The district court properly granted summary judgment in favor of Bonnaig for the reasons stated in its opinion and order. We have considered Nuñez's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

---

* Judge Chester J. Straub, a member of the original panel, subsequently recused himself. The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone,* 140 F.3d 457, 458 (2d Cir.1998).